2008 ME 44

Timothy TOOMEY

v.

TOWN OF FRYE ISLAND.

Supreme Judicial Court of Maine.

Argued: Jan. 17, 2008.

Decided: March 11, 2008.

David M. Hirshon, Esq., Marshall J. Tinkle, Esq. (orally), Tompkins, Clough, Hirshon & Langer, Portland, ME, for the Town of Frye Island.

Gregory M. Cunningham, Esq. (orally), Lori Londis–Dwyer, Esq., Bernstein Shur, Portland, ME, for Timothy Toomey.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

MEAD, J.

[¶ 1]  The Town of Frye Island appeals from a judgment entered in the Superior Court (Cumberland County, *Delahanty, J.*) in favor of Timothy Toomey.  It contends that the Superior Court erred in its interpretation of 30–A M.R.S. § 2691(3)(F) (2007) when it held that the ten-day time limit to request a reconsideration applies to reconsiderations initiated by the Frye Island Board of Appeals itself.  It further argues that the strict application of the Town's shoreland zoning ordinance does not result in undue hardship and thus the Board did not err in denying Toomey's variance application.  We agree and vacate the judgment and affirm the decision of the Board.

## I.  BACKGROUND

[¶ 2]  Timothy Toomey owns two, non-adjacent lots in the Town of Frye Island. He has owned an inland lot, which is some distance from the property at issue, since 1993.  The Lot at issue is shorefront property that measures approximately 17,090 square feet and was purchased in July 1997 for $3600 at a foreclosure auction. Toomey sold it to his brother in December 1997 and repurchased it from him in December 2003.  While the surrounding properties have been developed with camps, the Lot remains undeveloped.

[¶ 3] The Lot is subject to the Town's shoreland zoning ordinance (the ordinance). The most recent version of the ordinance was in force when Toomey purchased the Lot from his brother in December 2003. Relevantly, it applies to all land within 250 feet of the normal high water line of Sebago Lake. All new structures within this area are to have a setback of at least one hundred feet from the normal high water line.

[¶ 4] A nearby stream, east-southeast of the Lot, is considered part of Sebago Lake by the Portland Water District and therefore subjects the Lot to a second one hundred foot setback. Because of this, Toomey argues, and it does not appear that the Town disputes, that the operation of the ordinance, as well as property line setbacks and the necessity for a septic system and leach field, leave a triangular area of approximately eight feet to a side as the only area on the property that may be developed.

[¶ 5] In June 2005, Toomey applied to the Frye Island Board of Appeals for a variance altering the ordinance's setback requirement from one hundred feet to seventy-five feet. After the Board heard evidence at a hearing held on September 23, 2005, it granted the variance. Pursuant to 30–A M.R.S. § 4353(4) (2007), discussed below, the Board found that the application of the ordinance would impose undue hardship, as without a variance the property could not be developed. Specifically, the Board found that the need for the variance was due to the circumstances of the property; the variance would not alter the essential character of the neighborhood; the need for the variance was not the result of Toomey's action; and without a variance, the Lot could not provide Toomey with a reasonable return on his purchase. A variance with a reduced shoreline setback of eighty feet was granted.

[¶ 6] On October 7, 2005, the Board notified Toomey that it had voted to reconsider the issuance of the variance. On October 14, 2005, the Board reconsidered its decision on the variance and concluded that, based on the fact that the Lot provided Toomey with a recreational benefit, the property provided him a significant beneficial use without the need for a variance.[1] Therefore, it found that Toomey failed to meet the reasonable return prong of section 4353(4). The Board stated that it was not disturbing its other findings.[2]

[¶ 7] Toomey then brought a M.R. Civ. P. 80B complaint in Superior Court, appealing the decision of the Board. The Superior Court found that the Board had abused its discretion by voting to reconsider the variance outside of the ten day period imposed by 30–A M.R.S. § 2691(3)(F). It vacated the October 14, 2005, decision of the Board and reinstated the September 23, 2005, decision granting the variance. The Town has filed a timely appeal.

## II. DISCUSSION

### A. Statutory Time Limit

[¶ 8] Questions of law are reviewed de novo. *Murphy v. Maddaus,*

---

1. The Board found that the Lot was used for recreational boating, access to the lake, and that it had a dock. Arguments as to the status of the dock, whether permitted by town ordinance or not, are not relevant here and are not considered.

2. At the October 14, 2005, hearing, and in his brief, Toomey argues that reconsideration of the variance was improper because the Chair had had ex parte conversations with, and was acting on behalf of, the town manager and the Board of Selectmen. Boards have inherent authority to revisit their own decisions. *Cardinali v. Town of Berwick,* 550 A.2d 921, 921 (Me.1988). There is no mechanism in the relevant statute for us to go behind the decision of the Board and evaluate the motivations of individual Board members.

2002 ME 24, ¶ 8, 789 A.2d 1281, 1283. Generally, statutory interpretation is such a question. *See, e.g., FPL Energy Me. Hydro LLC v. Dep't of Envtl. Prot.*, 2007 ME 97, ¶ 11, 926 A.2d 1197, 1201. In interpreting a statute or ordinance, reviewing courts "look first to the plain language of the provisions to be interpreted." *Gensheimer v. Town of Phippsburg*, 2005 ME 22, ¶ 22, 868 A.2d 161, 167 (citation omitted). If there is ambiguity in the plain language of the statute, a court may then look to the legislative history. *FPL Energy Me. Hydro LLC*, 2007 ME 97, ¶ 12, 926 A.2d at 1201.

■ [¶ 9] Title 30–A M.R.S. § 2691 (2007) permits municipalities to establish boards of appeals. Such boards may be given the power to hear "any appeal by any person ... from any decision, order, regulation or failure to act...."³ 30–A M.R.S. § 2691(4). Most relevant here is section 2691(3)(F), which states, in part:

> The board may reconsider any decision reached under this section within 45 days of its prior decision. A request to the board to reconsider a decision must be filed within 10 days of the decision that is to be reconsidered. A vote to reconsider and the action taken on that reconsideration must occur and be completed within 45 days of the date of the vote on the original decision.

[¶ 10] There is no apparent ambiguity in the statute. As the ten-day restriction is not present in the first sentence, a board is not subject to it. If the Legislature had intended to limit the time within which a board could start the reconsideration process, it could have easily done so by explicitly imposing such a limit. As there is no ambiguity in the plain language of the statute, its ordinary meaning governs

here: reconsideration by a board is subject to the forty-five day limit, not the ten-day time limit.

### B. Denial of the Variance

■ [¶ 11] ·We review directly the operative decision of a municipality. *Yates v. Town of Southwest Harbor*, 2001 ME 2, ¶ 10, 763 A.2d 1168, 1171. A court will not substitute its judgment for that of a board. *Greenberg v. DiBiase*, 637 A.2d 1177, 1178 (Me.1994). The municipality's decision is reviewed for "error of law, abuse of discretion or findings not supported by substantial evidence in the record." *Yates*, 2001 ME 2, ¶ 10, 763 A.2d at 1171 (*quoting Sproul v. Town of Boothbay Harbor*, 2000 ME 30, ¶ 8, 746 A.2d 368, 372).

■ [¶ 12] "Substantial evidence is evidence that a reasonable mind would accept as sufficient to support a conclusion." *Sproul*, 2000 ME 30, ¶ 8, 746 A.2d at 372; *see also York v. Town of Ogunquit*, 2001 ME 53, ¶ 6, 769 A.2d 172, 175. That inconsistent conclusions can be drawn from evidence does not mean that a finding is not supported by substantial evidence. *Conservation Law Found., Inc. v. Town of Lincolnville*, 2001 ME 175, ¶ 6, 786 A.2d 616, 619; *Gorham v. Town of Cape Elizabeth*, 625 A.2d 898, 903 (Me.1993).

■ [¶ 13] The burden of persuasion rests with the party wishing to overturn the municipal decision. *Sawyer Envtl. Recovery Facilities, Inc. v. Town of Hampden*, 2000 ME 179, ¶ 13, 760 A.2d 257, 260. Thus, to succeed on appeal, an appellant who bore the burden below, must argue that the evidence compelled the grant of a variance, *Twigg v. Town of Kennebunk*, 662 A.2d 914, 916 (Me.1995), or that no competent evidence supports the board's decision, *Thacker v. Konover*

---

3. Frye Island has created such a Board and has authorized it to hear variance appeals. Frye Island, Me., Code §§ 101–III–16–A–2, 101–III–16–I(b) (Oct. 7, 2007).

*Dev. Corp.*, 2003 ME 30, ¶ 8, 818 A.2d 1013, 1017.

[¶ 14] Title 30–A M.R.S. § 4353(4) permits a board of appeals to grant a variance from local zoning ordinances. It reads, in part:

> [T]he board may grant a variance only when strict application of the ordinance to the petitioner and the petitioner's property would cause undue hardship. The term "undue hardship" as used in this subsection means:
>
> A. The land in question can not yield a reasonable return unless a variance is granted;
>
> B. The need for a variance is due to the unique circumstances of the property and not to the general conditions in the neighborhood;
>
> C. The granting of a variance will not alter the essential character of the locality; and
>
> D. The hardship is not the result of action taken by the applicant or a prior owner.

30–A M.R.S. § 4353(4).[4] While the party seeking a variance must establish all four elements to demonstrate undue hardship, *Twigg*, 662 A.2d at 916, only the "reasonable return" element is at issue here because, on reconsideration the Board did not disturb its previous findings regarding elements (B), (C), and (D).

[¶ 15] "The reasonable return prong of the undue hardship test is met where strict application of the zoning ordinance would result in the practical loss of all beneficial use of the land." *Perrin v. Town of Kittery*, 591 A.2d 861, 863 (Me. 1991) (quotation marks omitted). Reasonable return is not the "maximum return" that could be afforded by a property. *Id.*; *Leadbetter v. Ferris*, 485 A.2d 225, 227

(Me.1984). Economic proof that no reasonable return is possible is not required. *Greenberg*, 637 A.2d at 1179.

[¶ 16] On reconsideration, the Board found that Toomey enjoyed a reasonable return on the Lot as it afforded him access to the lake and he was able to dock his boat there. Even if the Lot cannot be developed, the Board found that the recreational benefits of the property afforded a reasonable return. Toomey, as the party seeking to overturn the decision of the Board, has the burden of refuting this finding by showing that the Board was compelled to grant the variance or that there is no competent evidence supporting the decision.

[¶ 17] The facts in this case parallel those in *Twigg*. There the property owner sought a variance to construct a residence on waterfront property and appealed after it was denied. We held that the evidence did not compel the conclusion that the Board erred in not granting the variance because, under the reasonable return analysis, the owner failed to establish that the property could only be used for residential purposes. *Twigg*, 662 A.2d at 918–19. The record did not indicate that he could not use the property in other ways, for example commercially or recreationally. *Id.*

[¶ 18] Similarly, Toomey has failed to carry his burden to demonstrate that the Board was compelled to grant the variance. There is competent evidence in the record that supports the Board's decision that Toomey enjoys a benefit from the shorefront property. Here, while there is no suggestion that Toomey could use the property commercially, he has used, and may continue to use, the property for recreational purposes. A waterfront lot is a

---

4. The Town has granted the Board of Appeals this authority in its municipal code. Town of Frye Island, Me., Code § 101–III–16–I(2)(a)(iii)(2) (Oct. 7, 2007).

significant benefit to a property owner who owns an inland lot.

[¶ 19] We cannot substitute our judgment for that of the Board where a contrary decision is not compelled by the evidence. *Trudo v. Town of Kennebunkport,* 2008 ME 30, ¶ 12, 942 A.2d 689, 693.

The entry is:

The judgment of the Superior Court is vacated; the decision of the Town of Frye Island Board of Appeals, dated October 14, 2005, is affirmed.