STATE OF MAINE                                     SUPERIOR COURT
CUMBERLAND, ss                                     CIVIL ACTION
                                                   DOCKET NO. AP-09-20
SUMMERWIND COTTAGE, LLC,                            REC -CuM- 2/4/2010
and PETER AND LIBBY CASSAT,
        Petitioners
                                                   ORDER ON
v.                                                 PETITIONERS' 80B
                                                   APPEAL
TOWN OF SCARBOROUGH,
PHYLLIS E. SCALA, TRUSTEE, and
ERALDA ADAMS,
        Respondents

## BEFORE THE COURT

Before the court are the consolidated claims of Summerwind Cottage,

LLC, and Peter and Libby Cassat. Both Summerwind Cottage and the Cassats

(collectively known as the Petitioners) appeal the decision made by the

Scarborough Zoning Board of Appeals (the ZBA) pursuant to M.R. Civ. P. 80B,

requesting the court to vacate the Board's decision and deny the variance the

Board granted to Eralda Adams.

## BACKGROUND

Eralda Adams is the daughter of Phyllis E. Scala, and is a beneficiary of

the Phyllis E. Scala Living Trust. The Scala family owns properties in the

Higgins Beach neighborhood of Scarborough, Maine. Among their properties

are lot 32 on the Tax Map, which has a house on it and fronts both Virdap and

Champion Street, and lot 51 on the Tax Map, located at 7 Virdap Street (lot 51").

Lot 32 is not contiguous to lot 51. Lot 32 is located approximately 150 feet from

lot 51. Lot 51 is the subject of this 80B appeal. The Scala family has owned lot 51

for approximately 60 years. Scarborough adopted its Shoreland Zoning

Ordinance (SZO) in 1974. (R. at 10). Adams hopes to build a modest retirement

home on lot 51.

1

The Higgins beach neighborhood consists primarily of small single-family homes and summer cottages. The neighborhood is bordered by the Atlantic Ocean on the east and by tidal rivers and wetlands on the north and northwest. Lot 51 was created in 1923 as part of the "East Point" subdivision. (R. at 10). The property has been in the Scala family since the 1950's. (R. at 11). Lots 51, 50, 49, and 48 are all currently vacant and are bordered by wetlands. Plaintiff Summerwind Cottage own lots 50 and 52, both of which abut lot 51. Summerwind Cottage has a cottage on lot 52. The Cassats have a home located at 8 Virdap Street (Lot 43 on the Tax Map), which is directly across the street from Lot 51.

The Town of Scarborough's SZO does not permit construction within 75 feet of the normal high water line of a wetland, stream or marsh.[1] Scarborough SZO § 15(B)(1). In order to develop within the 75-foot zone, a party must obtain a variance in accordance with section 15(G)(2) of the Scarborough Zoning Ordinance.

Section 15(G)(2) of the Scarborough SZO provides for "Variance Appeals." It states:

> Variances may be permitted only under the following conditions:
> a. Variances may be granted only from dimensional requirements including but not limited to, lot width, structure height, percent of lot coverage, and setback requirements.

---

[1] Section 15(B)(1) of the Scarborough SZO provides the following:
All new principal and accessory structures shall be set back at least two hundred fifty (250) feet, horizontal distance, from the normal high water line in the Stream Protection 2 District and seventy-five (75) feet, horizontal distance, from the normal high water line of other water bodies, tributary streams, or the upland edge of a wetland in the other districts.

b. Variances shall not be granted for establishment of any uses otherwise prohibited by this Ordinance.

   c. The Board shall not grant a variance unless it finds that:

   (1) The proposed structure or use would meet the provisions of Section 15 except for the specific provision which has created the non-conformity and from which relief is sought; and

   (2) The strict application of the terms of this Ordinance would result in undue hardship.

   The term "undue hardship" shall mean:
   (i)   That the land in question cannot yield a reasonable return unless a variance is granted;
   (ii)  That the need for a variance is due to the unique circumstances of the property and not to the general conditions of the neighborhood;
   (iii) That the granting of a variance will not alter the essential character of the locality; and
   (iv)  That the hardship is not the result of action taken by the applicant or prior owner.

Scarborough SZO § 15(G)(1)–(2); *See also* Town of Scarborough Zoning Ordinance § V(B)(3), and 30-A M.R.S. § 4353.

Lot 51 borders the marshlands located to the north and northwest of the Higgins Beach neighborhood. Due to the dimensions of lot 51, a variance from the 75-foot setback requirement is needed in order to build a home on the property. The 75-foot setback from the wetland area encompasses most of lot 51 and it covers the entire building envelope. Adams requested a 50-foot variance from the 75-foot setback requirement within the shoreland zone. Adams also requested a limited reduction of 10 feet from the front setback and 5 feet from the side setback under the Scarborough Zoning Ordinance.[2] In order for Adams to build on the property, the Town of Scarborough must approve the 75-foot

---

[2] Under the Scarborough Zoning Ordinance, the front of the house must be 30 feet from the property boundary and the side set back is 15 feet.

setback variance and the limited reduction of the Scarborough front and side setback zoning requirements so that the property will have a sufficient building envelope. If the Scarborough ZBA approves these two variances, the Maine Department of Environmental Protection will then review Adams' proposed project to determine if it satisfies the requirements for Activities Adjacent to Protected Natural Resources and for Coastal Sand Dune Projects.

On April 21, 2009, the Scarborough Code Enforcement Officer denied Adams' variance appeal for a 50-foot variance from the 75-foot setback requirement, noting that it would allow Adams to build a structure 25 feet from the edge of the marshlands. The Scarborough ZBA heard Adams' shoreland zoning variance application on May 13, 2009. The ZBA considered the four-pronged undue hardship criteria and voted 4–1 in favor of granting the variance application. During the May 13th hearing, the ZBA tabled Adams' request for a limited reduction of 10 feet from the front setback and 5 feet from the side setback, pending further inquiry about the design of the house proposed for lot 51.

Summerwind Cottage and the Cassats filed this 80B appeal challenging the ZBA's decision. The Petitioners are concerned with the variance from the 75-foot setback requirement granted by the ZBA. Specifically, the Petitioners claim that: (1) the ZBA committed errors of law and failed to support its decision when it concluded that Lot 51 cannot yield a reasonable return without the requested variance; (2) Adams failed to prove the need for a variance was due to a unique characteristic of lot 51; and (3) the ZBA failed to consider all of the requirements needed for a hardship variance under the SZO in making their decision.

4

## DISCUSSION

### I.  Standard of Review

The operative decision for judicial review is the decision of the ZBA, rather than the decision of the building authority. *See Stewart v. Town of Sedgwick*, 2000 ME 157, ¶¶ 4-5, 757 A.2d 773, 775. In appeals brought pursuant to M.R. Civ. P. 80B, this court reviews an administrative decision for errors of law, abuse of discretion or findings of fact unsupported by the record. *Yates v. Town of Southwest Harbor*, 2001 ME 2, ¶ 10, 763 A.2d 1168. The court has jurisdiction over this matter pursuant to 30-A M.R.S. 2691(3)(G) (2008).

Questions of law, which include determinations of the meaning of ordinances, are reviewed *de novo*. *Jade Realty Corp. v. Town of Eliot*, 2008 ME 80, ¶ 7, 946 A.2d 408, 410. As for questions of fact, the court employs the "substantial evidence" standard, which is the same as the "clear error" standard used by the Law Court to review fact-finding by a trial judge. *Gulick v. Bd. of Envtl. Protection*, 452 A.2d 1202, 1207-08 (Me. 1982). Under this standard, the issue before the reviewing court "is not whether it would have reached the same conclusion as the [administrative tribunal], but whether the record contains competent and substantial evidence that supports the result reached." *Seider v. Bd. of Exam'rs of Psychologists*, 2000 ME 206, ¶ 8, 762 A.2d 551, 555 (internal quotation omitted). "Substantial evidence is evidence that a reasonable mind would accept as sufficient to support a conclusion." *York v. Town of Ogunquit*, 2001 ME 53, ¶ 6, 769 A.2d 172, 175.

The burden of persuasion in an action challenging an administrative decision rests on the party seeking to overturn its decision. *See Sawyer Envtl. Recovery Facilities, Inc. v. Town of Hampden*, 2000 ME 179, ¶ 13, 760 A.2d 257, 260.

Thus, in this case, the Petitioners bear this burden. They must show that "no competent evidence supports the [ZBA]'s decision." *Toomey v. Town of Frye Island*, 2008 ME 44, ¶ 13, 943 A.2d 563, 566.

"A variance applicant must prove undue hardship by establishing all four of the [undue hardship] criteria." *Twigg v. Town of Kennebunk*, 662 A.2d 914, 918 (Me. 1995). "Undue hardship exists where strict application of the zoning ordinance would result in the practical loss of all beneficial use of the land. The existence of an undue hardship must be determined by a consideration of the facts in each case." *Thornton v. Lothridge*, 447 A.2d 473, 475 (Me. 1982) (citations omitted).

## II.    The ZBA's Findings

A zoning board of appeals' authority to grant a variance to a zoning ordinance is derived from 30-A M.R.S. § 4353. Section 4353(1) states that a board of appeals is governed by the procedural requirements of 30-A M.R.S. § 2691. In particular, section 2691(3)(E) provides:

> The transcript or tape recording of testimony, if such a transcript or tape recording has been prepared by the board, and the exhibits, together with all papers and requests filed in the proceeding, constitute the public record. All decisions become part of the record and *must include a statement of findings and conclusions, as well as the reasons or basis for the findings and conclusions*, upon all the material issues of fact, law or discretion presented and the appropriate order, relief or denial of relief.

30-A M.R.S. § 2961(3)(E) (emphasis added). On May 15, 2009, the Scarborough ZBA provided notice to Adams that the 50-foot variance from the 75-foot setback requirement was granted, but that letter did not include findings of fact and reasons for the board's conclusion.

The Scarborough ZBA's decision does not include a statement of findings and conclusions, and it does not provide "the reasons or basis for the findings and conclusions." Instead, the court is asked to affirm the variance based almost entirely on the May 13, 2009 hearing transcript.

In certain circumstances a board's decisions may be supported by implicit findings. *See e.g. Driscoll v. Gheewalla*, 441 A.2d 1023, 1026-27 (Me. 1982) (holding that the evidence in the record implicitly supports a finding that rigid enforcement of the ordinance would prevent the owners from realizing a reasonable return on the property). However, in this case, in reading the hearing transcript it is impossible to know what is a comment of an individual member of the Scarborough ZBA, and what is a finding or conclusion of the Board.

"Clear and comprehensive administrative findings of fact allow meaningful judicial review rather than a rubber-stamp approach for the court based on speculation." *Harrington v. Town of Kennebunk*, 459 A.2d 557, 562 (Me. 1983) (remanding an appeal to the zoning board of appeals because the findings were inadequate). "When a board of appeals fails to make sufficient and clear findings of fact and such findings are necessary for judicial review, [the court] will remand the matter to the board to make the findings." *Sanborn v. Town of Sebago*, 2007 ME 60, ¶ 14, 924 A.2d 1061, 1066. Based on the lack of clear findings in the instant case, the court remands this case to the Scarborough ZBA. The ZBA is instructed to state its findings and conclusions under the undue hardship test with respect to Adams' variance request.

Therefore, the entry is:

Appeal is remanded to the Scarborough ZBA for findings of fact and conclusions.

Dated at Portland, Maine this ___4th___ day of ___February___, ~~2009~~. 2010

_____
Robert E. Crowley
Justice, Superior Court

8

Date Filed 06-11-09          Cumberland          Docket No. AP-09-20

                                County        **CONS. WITH AP09-21**
                                              **ALL FURTHER DOCKETING AND FILINGS**
Action ___ ___ 80B Appeal _____ **TO BE IN AP09-20**

SUMMERWIND COTTAGE, LLC                        TOWN OF SCARBOROUGH
                                               PHYLLIS E. SCALA, TRUSTEE
                                               ERALDA ADAMS

                                          vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| John J. Wall, III, Esq.<br>Monaghan Leagy, LLP<br>P.O. Box 7046<br>Portland, ME 04112 | Shana Cook Mueller Esq. (Town)<br>PO BOX 9729, Portland 04104<br><br>~~Phyllis Scala~~<br>~~38 Whipple Farm Lane~~<br>~~Falmouth ME 04105~~<br><br>Jeffrey Jones, Esq. (Scala & Adams)<br>243 U.S. Route 1<br>Scarborough, ME 04074 |

Date of
Entry

Date Filed __06-12-09__  __CUMBERLAND__  Docket No. __AP-09-21__

County

**ABOVE DOCKET # CONS. WITH APO9**
**FILE ALL FURTHER PLEADINGS IN AP** ___ **:0**

Action ____80B Appeal____

PETER CASSAT
LIBBY CASSAT

TOWN OF SCARBOROUGH
PHYLLIS E. SCALA, TRUSTEE
ERALDA ADAMS a/k/a RALDA ADAMS

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| ANDREW W. SPARKS, ESQ.<br>NATHANIEL R. HUCKEL-BAUER, ESQ.<br>ONE MONUMENT WAY<br>PORTLAND, ME 04101 | SHANA COOK MUELLER ESQ (Town of Scar)<br><br>JEFFREY JONES, ESQ. (SCALA & ADAMS)<br>243 U.S. ROUTE 1<br>SCARBOROUGH ME 04074 |

Date of
Entry