STATE OF MAINE                          SUPERIOR COURT
HANCOCK, ss.                            CIVIL ACTION
                                        DOCKET NO. AP-09-6
                                        KMC-HAN-2/12/2010

KAROL A. FOSS

RECEIVED & FILED

FEB 12

HANCOCK COUNTY
COURTS

        Plaintiff,

TOWN OF BAR HARBOR,

        Defendant.

## ORDER ON M.R.CIV.P. 80B APPEAL

The matter before the Court is an appeal by the Plaintiff, Karol A. Foss, pursuant to M.R.Civ.P. 80B, from a decision rendered by the Defendant, Town of Bar Harbor Board of Appeals, denying the Plaintiff's request for permission to use her property, know as Anchorhold, for vacation rentals. The Code Enforcement Officer (CEO) denied her application. That decision was appealed to the Bar Harbor Board of Appeals and it upheld the decision of the CEO. This matter was argued to this Court on January 29, 2010.

## LEGAL STANDARDS

When reviewing governmental action under M.R. Civ. P. 80B, the Superior Court reviews the operative decision of the municipality for "abuse of discretion, errors of law, or findings not supported by the substantial

1

evidence in the record." *Camp v. Town of Shapleigh*, 2008 ME 53, ¶ 9, 943 A.2d 595, 598 (quoting *McGhie v. Town of Cutler*, 2002 ME 62, ¶ 5, 793 A.2d 504, 505). "Substantial evidence is evidence that a reasonable mind would accept as sufficient to support a conclusion." *Toomey v. Town of Frye Island*, 2008 ME 44, ¶ 12, 943 A.2d 563, 566 (quoting *Sproul v. Town of Boothbay Harbor*, 2000 ME 30, ¶ 8, 746 A.2d 368, 372). "That inconsistent conclusions can be drawn from evidence does not mean that a finding is not supported by substantial evidence." *Id*. The court does "not make any findings other than those found explicitly or implicitly by the Board" and does "not substitute [its] judgment for that of the Board." *Camp*, 2008 ME 53, ¶ 9, 943 A.2d at 598.


*BACKGROUND*

Plaintiff purchased property at 9 Harbor Lane in Bar Harbor on October 14, 2008. That property (known as Anchorhold) was owned previously by H & E Griffin Corporation from August of 1996 to October 14, 2008. Anchorhold was used by its corporate owner for vacation rentals.

Under the Bar Harbor Land Use Ordinance (LUO), Anchorhold was located in the Shoreland Limited Residential

2

District during the period of ownership by H & E Griffin Corporation and its current owner, Plaintiff. Under the LUO, until June 13, 2006, vacation rentals were allowed in this District without regard to a property's tax status. As of that date the Bar Harbor Ordinance was amended to provide that in the Shoreland Limited Residential District vacation rentals were only allowed for homestead exempt property (LUO, Appendix C, Table of Permitted Uses).

Plaintiff did not and does not reside in the property in question and is not and has not been a resident of Bar Harbor from the time of her 2008 purchase of the property to the present. Plaintiff's status under the LUO with respect to 109 Harbor Lane (Anchorhold) is that the property is non-homestead exempt. Plaintiff sought a vacation rental permit in her status as a non-exempt owner under the LUO. The CEO for Bar Harbor denied that requested permit.

## DISCUSSION

On the one hand, with regard to the H & E Griffin Corporation ownership of 9 Harbor Lane, Bar Harbor (Anchorhold), the record supports the conclusion that H & E Griffin Corporation during its ownership after 2006 was non-exempt under the Maine Tax law (Record on Appeal, hereinafter, RA pg. 7) and should not have received a

3

vacation rental permit. The property when owned by H & E Griffin Corporation did not qualify as a 'homestead'[1] (i.e. no where on the record is the corporation identified as a cooperative housing corporation) and was therefore not entitled to a homestead exemption when applying the legal definition to the facts presented. This, however, represents a passing observation since the Bar Harbor CEO did grant the corporation a vacation rental permit. (RA pgs. 2–3)

The reality is that Bar Harbor had recognized 9 Harbor Lane as being exempt homestead property (and thereby conforming with the vacation rental use requirements of the Ordinance) and had given H & E Griffin Corporation approval for vacation rental in November of 2006 (RA pg. 2). In October of 2006, Constance Brush[2] had filed a Vacation Rental License Application as owner at 9 Harbor Lane, Bar Harbor, checked the homestead exemption list, and was

---

[1] "Homestead" means any residential property, including cooperative property, in this State assessed as real property owned by an applicant or held in a revocable living trust for the benefit of the applicant and occupies by the applicant as the applicant's permanent residence or owned by a cooperative housing corporation and occupied as a permanent residence by a resident who is qualifying shareholder. A "homestead" does not include any reala. property used solely for commercial purposes. 36 M.R.S.A. § 681(2).

[2] Constance Brush is identified in the deed from H & E Griffin Corporation as its Treasurer on the October 14, 2008 deed to Plaintiff Foss. The Corporation's address is identified as of 9 Harbor Lane, Bar Harbor. (RA pg. 4).

4

allowed a vacation rental permit on homestead exemption property (RA, pgs. 1—2). Although the application has on it next to "owner", the handwritten note of "H. & E Griffin Corp." it is not disputed that Bar Harbor Office staff made this entry after the approval of this application and the permit was granted to the corporation (RA, pg. 3).

At a fundamental level, it appears that Bar Harbor made an error in judgment in characterizing the appropriate use of the Anchorhold property as homestead exempt while it was owned by H & E Griffin Corporation after the effective date of the June 13, 2006 amendment (RA, pg. 7). That is, as of October 13, 2008, 9 Harbor Lane was permitted as homestead exempt property entitled to a vacation rental permit.

If the status of 9 Harbor Lane as of October 13, 2008, was exempt homestead property and the holder of a vacation rental permit, how does that status impact on Plaintiff Foss on October 14, 2008, as purchaser under the Bar Harbor Land Use Ordinance? Clearly under the Ordinance, Foss' property during her ownership was non-exempt homestead property, which under Ordinance at Appendix C, Tables of Permitted Uses, was not entitled to vacation rentals, absent some provision in the Ordinance authorizing the same. To the extent that 9 Harbor Lane (Anchorhold) had

5

conformed to the Ordinance requirement of being homestead exempt property when owned by H & E Griffin Corporation (i.e. vacation rental permit issued), it became non-conforming (i.e. non homestead exempt) when acquired by Plaintiff/Appellant Foss. Bar Harbor argues that this represents a change of use, which without more is correct.

Direction is provided by reference to the Bar Harbor Ordinance in dealing with property whose status was in transition from conforming to nonconforming. Section 125-54 of the Ordinance deals with nonconforming uses of land and at sub-section (G)(1) deals in particular with nonconforming vacation rentals. In the case of 'vacation rentals,' the only way they could exist in the Shoreland Limited Residential district is if status of the owner after 2006 was that of homestead exempt (having achieved that status by complying with the Ordinance requirements for that district) and they could not exist if the status was homestead non-exempt — unless the Ordinance specifically permitted it.

The Ordinance directs, with respect to nonconforming uses of property, that a nonconforming vacation rental applicant (i.e. non exempt tax status) had to present evidence of continuation of the rental use in terms of verification that the unit was rented at least 14 days

6

during the prior 12 month period or for new nonconforming vacation rentals, proof the unit was rented for at least 14 days for each twelve-month period after November 15, 2006. LUO § 125-54(G)(1).

The April 28th, 2009 denial by the Appeals Board was based on 9 Harbor Lane becoming a non-conforming use when sold to Plaintiff Foss. The Board found the property use was conforming at the time of the 2006 LUO amendment.

At paragraphs 10, 12 and 13 of its April 28, 2009, decision, the Board of Appeals found that the property was owned and occupied by a full time resident of Bar Harbor, findings that are without any support on the record when viewed in the context of the homestead requirements of the Ordinance. These erroneous findings reflect confusion on the part of the Board of Appeals in terms of the application of the Bar Harbor LUO to these facts. The pertinent question would appear to be how the Ordinance deals with the transition between conforming and nonconforming uses as property ownership changes hands.

Clearly Plaintiff is seeking to continue vacation rental use by her as a non resident (i.e. non-exempt homestead use). The Ordinance with regard to non-conforming uses provides at Section 125-54 (G)(1) that one seeking a nonconforming vacation rental use needs to

7

demonstrate that there is evidence of continuation of the rental use in terms of verification that the unit was rented at least 14 days during the prior 12 month period or for new nonconforming vacation rentals, proof the unit was rented for at least 14 days for each twelve-month period after November 15, 2006. LUO § 125-54(G)(1). The Town points to Section 125-53 of the General Policies of the Ordinance, which provides at (E) that once a lot is "converted" to conformity, the 'use' cannot revert to nonconformity.

In speaking of interpreting an Ordinance, the Law Court has advised that "The ordinance is interpreted by examining the plain meaning of the language." *Camp*, 2008 ME 53, ¶ 10, 943 A.2d at 598 (citation omitted). The "terms or expressions in an ordinance are to be construed reasonably with regard to both the objectives sought to be obtained and the general structure of the ordinance as a whole." *Id.* Applying these directions to the Bar Harbor Ordinance, it is difficult to give § 125-53 meaning in terms of reasonable construction and the objectives sought by that section. Clearly 9 Harbor Lane was in 'conformity' with regard to vacation rentals being authorized (1) in June of 2006 when the Ordinance was amended and (2) when the Bar Harbor CEO approved it in November of 2006, for vacation

8

rentals (RA pg. 2). If conformity means 'harmony' and 'agreement' (Webster's New World Dictionary, Second Edtiion, 1978), then November of 2006 (approval of Anchorhold vacation rental permit) would seem to be a reference date. The Foss property (as of October of 2008) did not cease to be in 'conformity' because the Ordinance at § 125-54 kept it in 'conformity' *IF* the new owner did what § 125-54 (G)(1) required. Bar Harbor argues that the General Principles found in § 125-53 control with the result that specific reference to nonconformity at § 125-54 becomes without meaning. The Court is not prepared to interpret the Ordinance to the effect that § 125-54(G) is without meaning. As this Court interprets § 125-54(G) relying on the plain meaning of the words of the Ordinance and reasonable interpretation, Section 125-54 (G) exists to 'allow' the permitted nonconforming use of vacation rentals for non-homestead-exception properties (i.e. Anchorhold) in districts which do not allow the use. (*See* Land Use Exhibit C, Table of Permitted Uses — for non homestead vacation properties in the Shoreland Residential District). This Court interprets the Ordinance to require the Town to allow/permit the vacation rental property if the non-homestead exempt owner provides certain required information.

9

The Court finds that Findings 15 and 16 are the core of the Board of Appeals decision. Finding 15 concludes that the Plaintiff Foss has changed the 'use' of the property to non-conforming because the property became non-homestead property and, relying on § 125-53(E), finds that the use cannot be changed from conforming to nonconforming. This Court does not find application of the terms of the Ordinance § 125-54(G) changes the status of the Foss ownership to "conforming." It remains nonconforming but under limited circumstances is allowed to continue to have vacation rentals as a continuing use in conformity with the district by an owner whose status is non conforming in that Foss is non-homestead exempt.

Finding 16 concludes that § 125-54(G) does not apply because "the use of the property was not non-conforming at the time of the adoption of the vacation rental ordinance and the property has never been registered as non-homestead vacation rental property." Put another way to avoid the double negative, at the time of the adoption of the Ordinance amendment, the vacation rental use was conforming with the Ordinance, but was never registered as non-homestead vacation rental property. While this is true, it ignores the fact that the property was registered as homestead exempt vacation property with that status

10

confirmed by Bar Harbor. (RA pgs. 1-3). The only finding that is supported by the Record is that the prior owner registered the property consistent with Chapter 190 of the Ordinance and that registration was accepted and approved by the Town as a conforming use. *Id.* It is the facts missing from this finding coupled with the lack of analysis of the compliance of the applicant with § 125-54, that makes Finding #16 inadequate as a matter of law.

It is clear from the Record that Foss filed her vacation rental application on Feb. 17, 2009 (RA pg. 9) and that she was required to verify rental for at least 14 days over the prior 12 months[3] as a condition to getting a vacation rental permit under Ordinance § 125-54(G)(1).

This Court sets aside Finding #16 as not being supported by substantial evidence on the record and as reflecting an error of law in terms of applying the Bar Harbor Ordinance to the facts of this case.

The matter is REMANDED to the Board of Appeals to determine if the Plaintiff/Appellant at the time of her application has complied with § 125-54 (G)(1) of the LUO and if the Plaintiff has complied, the Board of Appeals is directed to grant Plaintiff's appeal and issue her a

---

[3]    That assumes that the sought after vacation rental use is a continuation of the prior use and not a 'new' nonconforming vacation rental use.

11

vacation rental permit consistent with the Bar Harbor Ordinance.

The Plaintiff is entitled to rely on the Town of Bar Harbor issuing a vacation rental permit to the prior owner and that the Town will continue to apply its Ordinance to the facts created by the Town of Bar Harbor in issuing that permit to the prior owner as opposed to using this process to correct a prior administrative error.

Appeal sustained and matter remanded to the Bar Harbor Board of Appeals for action consistent with this opinion.

At the direction of the Court, this Order shall be incorporated into the docket by reference. M.R.Civ.P. 79(a).

Dated: February 12, 2010

Kevin M. Cuddy
. Justice, Superior Court

12

Date Filed __5-14-09__    __Hancock__    Docket No. __AP 09-6__
County

Action __80B appeal__

KAROL A. FOSS          vs.     TOWN OF BAR HARBOR

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| William B. Devoe, Esq.<br>P.O. Box 1210<br>Bangor, ME 04402-1210 | Michael A. Hodgins, Esq.<br>BERNSTEIN SHUR<br>P.O. Box 5057<br>Augusta, ME 04332-5057 |

| Date of Entry | |
|---|---|
| 5-14-09 | Complaint for Review of Governmental Action Pursuant to Rule 80B with Combined Independent Action, dated 5-13-09, with Exhibits A-C, received and filed. |
| 5-14-09 | Pltf's Motion for Stay, dated 5-13-09, with proposed order, received and filed. |
| 5-14-09 | Notice and Briefing Schedule sent to Atty Devoe. |
| 5-22-09 | Pltf's Motion to Specify the Future Course of Proceedings Pursuant to Rule 80B, dated 5-21-09, with proposed order, received and filed. |
| 5-28-09 | (Cuddy, J.<br>Teleconference held with counsel regarding pending motions and status of case. After hearing, order to issue. |
| 5-28-09 | Order, dated 5-28-09, entered. (Cuddy, J.<br>Discussed status of matter, possible need for TRO and hearing in Caribou. Further phone conference set for 6/2 at 8:15 in Caribou. |
| 5-28-09 | Copies of order sent to attys of record. |
| 5-29-09 | Consent Order, dated 5-29-09, received and entered. (Cuddy, J.<br>it is hereby ordered as follows:<br>1. Pltf may continue to rent the property located at 9 Harbor Lane in Bar Harbor, also known as "Anchorhold", without prejudice to either party's legal position in the context of the appeal through 12-31-09, or until such time as the court issues its decision on pltf's appeal.<br>2. The property's grandfathered status, if any,with respect to non-homestead exemption vacation rentals, will not be affected by the pendency of the appeal and both parties are free to argue the merits of that issue to the court.<br>3. As a result of this order the pltf's motions for stay and to specify the future course of proceedings are hereby moot.<br>4. The pltf's brief shall be filed within 40 days of the date of this order.<br>5. The dft's brief shall be filed within 30 days after service of the |