STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    CIVIL ACTION
                                                  Docket No. AP-11-021
                                                  *N/M - CUM - 1/3/2012*

MARC B. TERFLOTH,

                Plaintiff

v.                                                DECISION AND ORDER

THE TOWN OF
SCARBOROUGH,
                Defendant


        Before the court is Marc Terfloth's 80B appeal of the decision of the

Scarborough Board of Assessment Review (the Board) regarding the property tax

assessment of his property in Scarborough. For the following reasons, this case is

remanded the Board for further proceedings consistent with this decision and

order.

BACKGROUND

        Mr. Terfloth purchased property in the Town of Scarborough on December

23, 2009. (R. 37.) This property consists of a residence situated on .65 acres of land

on the corner of Sanctuary Lane and Black Point Road located in the upper Prout's

Neck area of Scarborough. (R. 10, 38, 74.) The property has ocean views, but it

does not have shore frontage and it is not within the gated community also located

on upper Prout's Neck. (R. 15, 74.) The property had been on the market since

June 23, 2006, and the previous owners had gradually lowered the asking price

from $6.2 million to $2.9 million in November of 2009. (R. 57.) Mr. Terfloth

purchased the property for $2,435,000. (R. 75.)

        The Assessor for the Town of Scarborough evaluated the property for tax

purposes. On April 1, 2010, the Assessor valued the property at $3,503,800. (R. 3,

1

64, 75.) Mr. Terfloth applied for an abatement of the assessed value of $1,068,800, which is the difference between the assessed value, $3,503,800, and the purchase price, $2,345,000. (R. 1.) The Assessor denied the abatement. (R. 2.) Mr. Terfloth appealed the Assessor's denial to the Board and argued that the assessment was manifestly wrong because it substantially overvalued the property and was the result of discriminatory valuation. (R. 3, 37.)

The Board held a hearing on May 26, 2011. (R. 71.) The Board members discussed the two issues raised by Mr. Terfloth at the close of the evidence. (R. 55-64.) Following the hearing, the Board issued a written decision in which the Board denied Mr. Terfloth's appeal. (R. 135–36.) On June 7, 2011, Mr. Terfloth requested that the Board reconsider its decision based on additional information about a recent property sale. (R. 137–39.) On June 23, 2011, the Board held a hearing on the reconsideration request. (R. 184-191.) The Board voted against the motion to reconsider. (R. 191.) Mr. Terfloth then filed this appeal.

Mr. Terfloth raises two issues on this appeal. He argues first that the Board failed to produce finding of facts and conclusions of law. (Pl.'s Br. 13.) Second, he argues that the court should vacate the Board's decision based on the merits because the assessment "is manifestly wrong" and "discriminatory." (Pl.'s Br. 20, 29, 30.) As discussed below, the case is remanded to the Board because it failed to make findings of facts and conclusions of law sufficient to permit judicial review.

DISCUSSION

I.      Standard of Review

When reviewing governmental action under M.R. Civ. P. 80B, the Superior Court reviews the operative decision of the municipality for "abuse of discretion, errors of law, or findings not supported by the substantial evidence in the record."

2

Camp v. Town of Shapleigh, 2008 ME 53, ¶ 9, 943 A.2d 595 (quoting McGhie v. Town of Cutler, 2002 ME 62, ¶ 5, 793 A.2d 504). "Substantial evidence is evidence that a reasonable mind would accept as sufficient to support a conclusion." Toomey v. Town of Frye Island, 2008 ME 44, ¶ 12, 943 A.2d 563 (quoting Sproul v. Town of Boothbay Harbor, 2000 ME 30, ¶ 8, 746 A.2d 368). "That inconsistent conclusions can be drawn from evidence does not mean that a finding is not supported by substantial evidence." Id. The court does "not make any findings other than those found explicitly or implicitly by the Board" and does "not substitute [its] judgment for that of the Board." Camp, 2008 ME 53, ¶ 9, 943 A.2d 595.

## II. Findings of Fact and Conclusions of Law

Mr. Terfloth argues, "the Board failed to make findings of fact and conclusions adequate for meaningful judicial review." (Pl.'s Br. 13.) The Town argues in response that Mr. Terfloth waived this argument because he failed to request findings of fact and conclusions of law. (Def.'s Br. 5.) Additionally, the Town argues that the record is adequate to permit appellate review. (Id.)

The Board's Rules of Procedure, the Law Court, and Maine statutes[1] require the Board to make adequate findings of fact. "[T]here cannot be meaningful judicial review of agency decisions without findings of fact." Christian Fellowship & Renewal Ctr. v. Town of Limington, 2001 ME 16, ¶ 15, 769 A.2d 834. The

---

[1] "All decisions become a part of the record and must include a statement of findings and conclusions, as well as the reasons or basis for the findings and conclusions, upon all the material issues of fact, law or discretion presented." 30-A M.R.S. § 2691(3)(E) (2010).
"The agency shall set forth in the record the reason or reasons for its decision and make finding of the fact, in writing, sufficient to appraise the applicant and any interested member of the public of the basis for the decision." Maine Freedom of Access Act, 1 M.R.S. § 407 (2010).

3

findings of fact must consist of more than a recitation of the parties' positions or reiterations of the evidence presented by the parties. Id. at ¶ 7. Additionally, the findings must "represent any collective judgment of the fact-finding agency" instead of individual board members' reflections on their individual opinions. Carroll v. Town of Rockport, 2003 ME 135, ¶ 29, 837 A.2d 148.

The written decision in this case contains findings of facts, but the members did not clearly agree to or reject these findings. Additionally, the Board did not develop the findings of fact based on the procedure provided in the Board's Rules.

The Board's Rules explicitly state the procedure by which the Board must develop findings of facts. First, "during deliberations, Board members should discuss their views of the facts and express their opinions about the evidence presented" and the Secretary shall make a list of the proposed findings. (R. 196.) Next, the Board summarizes its findings and conclusions and votes to render its decision by one of three possible methods. Id. One, "the Board will vote to accept (or reject) each of the proposed Findings of Fact as listed by the Secretary." Id. Two, "the Board may vote to defer making a decision on the appeal and . . . draft written Findings of Fact and a Decision for the Board's further consideration and vote at a later date." Id. Three, "the Board may require the parties to each submit proposed Findings of Fact and a Decision for the Board's further consideration and vote at a later date." Id.

Based on the transcript provided in the record, the Board did not follow any of these three options. Instead, the Board discussed the facts and evidence presented and voted on the ultimate issues.[2] (R. 128–134.) The written decision

---

[2] The Chairman stated prior to deliberation that "the Board hasn't convened in about a year or so, so we're just going to go over a few things in our . . . just for the

4

provided by the Board contains a list of findings for each of the two issues. (R. 135-136.) After comparison of the written decision to the transcript, it appears that the findings were taken from the deliberations of the Board members, but there is no indication that the Board members agreed upon these specific findings.[3] (R. 128–34; R. 1–2.) This methodology does not follow the Board's rules of procedure and fails to satisfy the purpose of the finding of facts, which is to express the opinion of the Board as an entity as opposed to just the opinion of the Chairman.

The Town argues that the Board followed the third method set forth in the rules of procedure by authorizing the Chairman to write the decision on behalf of the Board. (Def.'s Br. 12.) The Board did not authorize the Chairman to write the decision and the Board did not vote to approve the findings and decision on a later date. (R. 196.)

The Town argues further that the motions are sufficient to satisfy the findings and conclusions requirement. (Def.'s Br. 12-13.) These motions are not sufficiently clear. R. 134; Carroll, 2003 ME 135, ¶28, 837 A.2d 148.

---

benefit of the Board members by way of reminder." (R. 128.) He reminded the Board that there were two separate issues before it and each issue required a separate vote, but he never discussed the need to develop findings of fact for the final decision. (Id.)

[3] For example, the Board's written decision contains the finding, "The home was on the market for 3.5 years. Every six months the sale price dropped a half a million dollars." (R. 135.) In the transcript a board member said, "Well, the thing that really strikes me is that the home was on the market for 3 ½ years and that every 6 months it dropped, you know, ½ a million dollars or so until it got down to this price. . . . Those are my points." (R. 128.) The three and a half years time frame and price decrease are not mentioned again in the deliberation and the other members never explicitly agree to this finding. This finding is significant because it is erroneous. The price did drop during those three and a half years, but not on a consistent time frame or at a consistent increment. (R. 57.)

III. Findings of Fact Inadequate

In addition to the Board's failure to set forth proper findings of facts, the findings of facts included in the written decision were inadequate. The Board's findings "must be adequate to indicate the basis for the decision and to allow meaningful judicial review." Carroll, 2003 ME 135, ¶ 27, 837 A.2d 148. In order for the Board to set forth adequate findings of facts, the findings must sufficiently apprise the court and the parties of the basis for the Board's decision. Christian Fellowship & Renewal Ctr., 2001 ME 16, ¶ 10, 769 A.2d 834.

In this case, for example, the Board did not determine whether Mr. Terfloth purchased the property in an arm's length sale.[4] That fact relates to the weight given to the market value of the house. See Town of Southwest Harbor v. Harwood, 2000 ME 213, ¶ 19, 763 A.2d 115 ("The arms length sale price of property provides the best evidence of market value."). "The burden is on the taxpayer to establish before the [Board] that the assessed valuation *in relation to the just value* is manifestly wrong." Weekley v. Town of Scarborough, 676 A.2d 932, 934 (Me. 1996) (internal quotation marks omitted) ("Just value means market value."). Without determining whether the transaction took place at arm's length, a fact contested in the record[5], it is unclear how the Board determined the assessed value of the property.[6] (R. 40, 81-82, 109, 111-112.)

---

[4] The decision does contain the finding "The applicant's assessment ratio of 144% does stick out, but one sale does not make a market. It is just likely he got a good deal. His purchase price seems under what has been typical." (R. 135.)

[5] Mr. Terfloth argues that "the record evidence shows that the Terfloth sale was the result of an arm's length transaction." (Pl.'s Br. 21.)

[6] The Town argues that Mr. Terfloth's evidence does not compel a contrary conclusion. See Def.'s Br. 15; Weekley, 676 A.2d at 934. It argues that the Board's decision was "based on the marketing time and the fact that there are so few sales and it is the lowest price paid in the last several years" and therefore, it was based on substantial evidence. (Def.'s Br. 15; R. 131.) While the Town may be correct,

IV. Waiver

The Town argues that Mr. Terfloth failed to preserve the issue of whether the Board had properly made findings of facts. (Def.'s Br. 6-8.) The Town bases its argument on a footnote in a 1991 Law Court decision:

> When a board has neglected to make findings, or when the findings are not implicit in the board's decision, or when the findings are not apparent otherwise from the record, the party aggrieved by the board's decision should request findings of fact and conclusions of law before asserting the insufficiency of findings as a ground for judicial review in an action brought pursuant to M.R. Civ. P. 80B.

Pearson v. Town of Kennebunk, 590 A.2d 535, 538 (Me. 1991) (finding that all relevant facts were in the record). Subsequently, the Law Court stated:

> There is no formal process for a party to request findings of the commissioners similar to the process for requesting judicial findings in M.R. Civ. P. 52(a). . . . Although the lack of such a mechanism should not prevent or prohibit a party from requesting findings, there is an element of unfairness in penalizing a party for failing to request findings when there was no procedural basis for doing so.

Christian Fellowship & Renewal Ctr., 2001 ME 16, ¶ 17, 769 A.2d 834. Although parties are encouraged to request findings of fact, Mr. Terfloth was not required to do so to preserve the issue for appeal.

V. Failure to Provide Findings of Fact is Not Harmless Error

The Board's failure to make proper findings of fact does not automatically require this court to remand the case. Christian Fellowship & Renewal Ctr., 2001 ME 16, ¶ 19, 769 A.2d 834. "In some cases the subsidiary facts may be obvious or easily inferred from the record and the general factual findings, and a remand would be unnecessary." Id. Mr. Terfloth argues that the Board improperly failed to make findings of fact, but also argues that this error is harmless because the

---

and the Board's decision may be within its discretion, the court cannot properly review the decision without adequate findings of fact.

record clearly indicates that the assessor had committed manifest error in his assessment of the property. (Pl.'s Br. 20.)

The error was not harmless because the subsidiary facts are not obvious from the record. As discussed above, the Board did not make adequate findings of fact. Additionally, it is not possible for the court to determine what findings were made by the Board and which findings were made by the Chairman because the Board did not follow proper procedure. Finally, the court cannot infer all of the necessary facts.

The entry is

> This Case is Remanded to the Scarborough Board of Assessment Review for further proceedings consistent with this Decision and Order.

Date: December 30, 2011

Nancy Mills
Justice, Superior Court

8

Date Filed __06-24-11__  __CUMBERLAND__  Docket No. __AP-11-21__

County

Action __80B APPEAL__

MARC B. TERFLOTH                    THE TOWN OF SCARBOROUGH

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| JOHN C. BANNON, ESQ. | JAMES N. KATSIAFICAS, ESQ. |
| JOHN B. SHUMADINE, ESQ. | |
| 75 PEARL STREET | |
| P.O. BOX 9798 | |
| PORTLAND, ME 04101 | |

Date of
Entry