STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: AP-11-052
RAC — CU.  8/14/2012

JANICE L. COUTURE,

Plaintiff,

v.

TOWN OF FALMOUTH,

Defendant.

**ORDER**

STATE OF MAINE
Cumberland,ss.Clerk's Office

AUG 14 2012

**RECEIVED**

Janice Couture's Rule 80B appeal of the Town of Falmouth Board of Assessment

Review's denial of her tax abatement is before the court.

**BACKGROUND**

Ms. Couture owns property at 4 Kelley Road in the Town of Falmouth (Town).

She lives in the building and operates a clinical esthetician practice out of the first floor.

In recent years the business has not done well. Ms. Couture claims that, among other

hardships, she has not taken an income since 2003. Ms. Couture applied to the

Falmouth Town Council for poverty abatements of her 2008, 2009, and 2010 real estate

taxes. Ms. Couture appeared before the Council, which denied her abatements. She

appealed the denial to the Falmouth Board of Assessment Review (Board).

The Board reviewed several documents and heard from Ms. Couture, the Town

Manager, and the Town's attorney. The Board denied the abatement, drafted findings

and conclusions, and scheduled a meeting to finalize the findings and conclusions. Ms.

Couture asked the Board to include her record of the prior meeting with the record. She

also asked for a postponement due to illness. The Board denied both requests, held the

meeting, and adopted the findings and conclusions. Ms. Couture filed a timely appeal.

1

## DISCUSSION

1. Want of Prosecution for Lack of Record

The record Ms. Couture provided to this court did not comply with the Maine Rules of Civil Procedure. Rule 80B(e)(2) sets forth the content and procedural requirements for the record. Here, the record did not include "the application or other documents that initiated the agency proceedings" as required by the rule. M.R. Civ. P. 80B(e)(2). Additionally, the parties did not "meet in advance of the time for filing the plaintiff's brief . . . to agree on the record to be filed." Id. The court is entitled to "dismiss the action for want of prosecution" for failing to comply with the record requirements. M.R. Civ. P. 80B(h).[1]

2. Merits of the Appeal

Although the court may dismiss for want of prosecution, the documents provided to the court show that it may affirm the Board's decision based on the merits. Tax abatements based on poverty are allowed pursuant to 36 M.R.S. § 841.

> The municipal officers . . . within 3 years from commitment, may, on their own knowledge or on written application therefor, make such abatements as they believe reasonable on the real and personal taxes on the primary residence of any person who, by reason of infirmity or poverty, is in their judgment unable to contribute to the public charges.

36 M.R.S. § 841(2) (2011).

To receive real estate tax abatements under this statute, Ms. Couture must prove that she was "unable to contribute to the public charges." *See Joyce v. Lyman*, 565 A.2d 90, 90 (Me. 1989) (quoting 36 M.R.S.A. § 841(2)). The court can only overturn the Board's decision if Ms. Couture demonstrates that the Board abused its discretion, committed an error of law, or made a finding not supported by substantial evidence.

---

[1] M.R. Civ. P. 80B(h):
> If the plaintiff fails to comply with subdivision (e) or (g) of this rule, the court may dismiss the action for want of prosecution.

2

*Camp v. Town of Shapleigh*, 2008 ME 53, ¶ 9, 943 A.2d 595. "Substantial evidence is evidence that a reasonable mind would accept as sufficient to support a conclusion." *Toomey v. Town of Frye Island*, 2008 ME 44, ¶ 12, 943 A.2d 563 (quoting *Sproul v. Town of Boothbay Harbor*, 2000 ME 30, ¶ 8, 746 A.2d 368). There is no indication that the Board abused its discretion or made an error of law.

The Board's decision is supported by substantial evidence. For example, at the time of the application, Ms. Couture had a few clients and all of the equipment for her business, she had not applied for all of the available state and federal assistance programs, and her business continued to create a limited cash flow. (Notice of Decision 2-3.) There are also facts supporting Ms. Couture's claim that she is unable to contribute to the public charge, including the significant fact that Ms. Couture is unable to pay all of her bills, those facts are not sufficient to overturn the Board's decision. Although a factfinder could use the evidence to draw a decision inconsistent with the Board, that "does not mean that a finding is not supported by substantial evidence." *Toomey*, 2008 ME 44, ¶ 12, 943 A.2d 563.

Despite Ms. Couture's difficult financial position, the Board's decision that she is not "unable to contribute to the public charges" is supported by substantial evidence.

**The entry is**:

The Board of Assessment Review's decision is **AFFIRMED.**

DATE: August 14, 2012

Roland A. Cole
Justice, Superior Court

3

Date Filed __11-21-11__ __Cumberland__ County  Docket No. __AP-11-52__

Action __80(B) Appeal__

JANICE L. COUTURE
4 KELLEY ROAD
FALMOUTH, ME 04105

vs.

TOWN OF FALMOUTH

| Plaintiff's Attorney | Defendant's Attorney |
| --- | --- |
| pro se | WILLIAM PLOUFFE, ESQ |

Date of
Entry