2000 ME 30

**Carroll J. SPROUL and James M. Sproul**

v.

**TOWN OF BOOTHBAY HARBOR et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Feb. 9, 2000.
Decided Feb. 24, 2000.

---

Gordon E. Stein, Gallagher and Stein, Damariscotta, for plaintiffs.

Daniel J. Bernier, Marden, Dubord, Bernier & Stevens, Waterville, Thomas J. McCarthy, McCarthy, Allegretto & McCarthy, East Boston, MA, (for James and Geraldine Magnasco), Geoffrey Hole, Bernstein, Shur, Sawyer & Nelson, P.A., Portland, (for Town of Boothbay Harbor), for defendants.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

RUDMAN, J.

[¶ 1] Carroll J. Sproul and James M. Sproul appeal from a judgment entered in the Superior Court (Lincoln County, *Perkins, A.R.J.*) denying their M.R. Civ. P. 80B appeal from the decision of the Boothbay Harbor Zoning Board of Appeals. The Board of Appeals affirmed the decision of the Boothbay Harbor Planning Board granting James and Geraldine Magnasco permission to expand a nonconforming structure pursuant to BOOTHBAY HARBOR CODE art. XIII, § 170-98(B). The

Sprouls assert that, contrary to the decision of the Superior Court, they, as abutters, have standing to contest the Planning Board's decision, and that the Planning Board's decision was arbitrary, capricious or unreasonable. We agree with the Sprouls that they have standing, but find the Planning Board's decision to be neither arbitrary, capricious nor unreasonable, and, therefore, affirm the judgment of the Superior Court.

I.

[¶ 2] The Magnascos desired to convert the deck on their home in Boothbay Harbor into a garage. They sought and received a permit from the Town to convert their deck into a 20' × 32' garage, but after construction was almost complete, the Town discovered that the permit was based on an erroneous calculation of the distance between the road and the garage. The garage violated the Town's road setback requirements. The Town also discovered that the garage violated the shoreland setback requirements because the garage was 63 feet from the shoreline while the shoreland setback ordinance required the garage to be 75 feet from the shoreline. The Boothbay Harbor Planning Board issued a stop work order based upon these violations.

[¶ 3] The Magnascos petitioned the Board for a permit to expand their nonconforming deck into a garage pursuant to BOOTHBAY HARBOR CODE art. XIII, § 170-98.[1] The Planning Board needed to deter-

---

1. Boothbay Harbor Code, Art. XIII, § 170-98. Nonconforming Structures, reads in relevant part:

   B. Enlargements (permitted uses only). During the lifetime of the structure, the total of all additions and enlargements of said structure which meet all the requirements except setback from the high-water mark shall not exceed thirty percent (30%) of the volume or floor area of the structure, whichever is less. No structure or portion of any structure which is less than the required setback from the high-water mark may be expanded toward the water/seaward.

   C. Expansion. A nonconforming structure may be added to or expanded after obtaining a permit from the Planning Board, if such addition or expansion does not increase the nonconformity of the structure. D. Further limitation. After January 1, 1989, if any portion of a structure is less than the required setback from the high-water line of a water body or upland edge of a wetland, that portion of the structure shall not be expanded in floor area or volume, by thirty percent (30%) or more, during the lifetime of the structure. (See Subsection B above).

mine whether the deck, which the Magnascos enclosed to create a garage, was originally 12′ × 32′ or 8′ × 32′. The new garage measured 20 feet from the house, 63 feet from the water and 27 feet from the road to the edge of the garage.[2]

[¶ 4] The size of the original deck was important because the deck was built before the town enacted the 75 foot shoreland setback requirement, and a 12 foot deck, although encroaching upon the setback, would have been grandfathered as a nonconforming structure. The nonconforming structure ordinance only allows expansions of nonconforming structures that do not increase the structure's floor area or volume by more than thirty percent (30%). *See* BOOTHBAY HARBOR CODE art. XII, § 170–98. Thus, the size of the deck before the 75 foot setback was enacted would determine the permissible size of the garage.

[¶ 5] After a site visit, the Planning Board accepted the existence of the 12 foot deck and determined that the 12 foot deck encroached upon the shoreland 75 foot setback "by a 5 feet diagonal for 6 feet forming a triangle." The Planning Board concluded that the Magnascos' could build a 12′ × 32′ garage because the deck was originally 12 feet and granted the Magnascos' application to expand the nonconforming structure pursuant to BOOTHBAY HARBOR CODE art. XIII, § 170–98(C).[3] The Board determined that the portion of the structure that encroached into the 75 foot setback was so small that it was permitted under the 30% expansion rule of the BOOTHBAY HARBOR CODE art. XIII, § 170–98(B). The decision of the Planning Board was affirmed by action of the Zoning Board of Appeals and the Sprouls then appealed to the Superior Court pursuant to M.R. Civ. P. 80B. The Superior Court dismissed the appeal for lack of standing and this appeal followed.

II.

[redacted] [¶ 6] To appeal a decision of the zoning board of appeals, pursuant to 30–A M.R.S.A. § 2691(3)(G) (1996), a party must (1) "have appeared before the board of appeals"; and (2) "be able to demonstrate a particularized injury as a result of the board's action." *See Rowe v. City of South Portland,* 1999 ME 81, ¶ 4, 730 A.2d 673, 674–75 (reiterating the two-prong test for standing in zoning appeals). When the party appealing is an abutter, the party need only allege "a potential for particularized injury" to satisfy the standing requirement. *Pearson v. Town of Kennebunk,* 590 A.2d 535, 537 (Me.1991).

[redacted] [¶ 7] The threshold requirement for an abutter to have standing is minimal. Because of the abutter's proximate location, a minor adverse consequence affecting the party's property, pecuniary or personal rights is all that is required for the abutting landowner to

(1) Construction or enlargement of a foundation beneath the existing structure shall not be considered an expansion of the structure, provided that the structure and new foundation are placed such that the setback requirement is met to the greater practical extent as determined by the Planning Board, basing its decision on the criteria existing dimensions of the structure and that the foundation does not cause the structure to be elevated by more than three (3) additional feet.
(2) No structure which is less than the required setback from the high-water line of a water body, tributary stream or upland edge of a wetland shall be expanded toward the water body, tributary stream or wetland.

2. When the Magnascos learned that the garage violated the road setback requirement, they agreed to reduce the garage from 20′ × 32′ to 12′ × 32′ so the garage would comply with the road setback requirement and the remaining issue would be the shoreland setback requirement.

3. The Magnascos signed a consent agreement with the town (1) to remove 8 feet of the garage so that the deck would equal its original size of 12′ × 32′ and (2) to pay the town $250 for costs. The Town, in return, agreed to refrain from pursuing any further legal action.

have standing. *See Rowe,* ¶ 4, 730 A.2d at 674–75 (concluding that a neighbor's violation of a front yard setback requirement was sufficient injury to give the abutting landowner standing). Setback violations are a sufficient adverse consequence to give an abutter a particularized injury. *See id.* As abutters of property with a structure that violates setback requirements, the Sprouls have standing to appeal the decision of the Planning Board. *See id.* The trial court erred when it dismissed the Sprouls' appeal for lack of standing.

## III.

■ [¶ 8] We, therefore, must turn to the merits of the Sprouls' appeal. When the Board of Appeals reviews the decision of the Planning Board in an appellate capacity, we do not review the decisions of the Board of Appeals or the Superior Court, but rather, review the Planning Board's decision directly for "error of law, abuse of discretion or findings not supported by substantial evidence in the record." *See Veilleux v. City of Augusta,* 684 A.2d 413, 415 (Me.1996). Substantial evidence is evidence that a reasonable mind would accept as sufficient to support a conclusion. *See id.* The possibility of drawing two inconsistent conclusions from the evidence does not make the evidence insubstantial. *See id.*

■ [¶ 9] The Planning Board based its determination of the garage's size upon three items: (1) the Magnascos' excavation contract with the builders stating the contract was for the removal of a twelve foot deck; (2) the Magnascos' insurance records stating that the deck was 12′ × 32′ when Magnasco bought the house; and (3) the site visit where the Planning Board personally examined the structure. These three items constitute substantial evidence to support the Planning Board's determination that the deck was 12′ × 32′ when it was originally constructed. *See Veilleux,* 684 A.2d at 415 (stating that substantial evidence exists when a reason-

able mind can apply the evidence to support the conclusion). The Sprouls contend that the Planning Board erred in not following the Town tax record. Although the tax record indicated that the deck was 8′ × 32′, the tax record is undated. The Planning Board, as factfinder, is allowed to weigh the evidence and make a decision based upon its perception of the evidence. *See id.* (stating that the possibility of drawing an inconsistent conclusion does not affect the factfinder's determination). The Planning Board did not err when it examined the evidence and decided that the deck was 12′ × 32′.

■ [¶ 10] Nor did the Planning Board act arbitrarily or capriciously in allowing the Magnascos to construct a 12′ × 32′ garage. The Code allows property owners to expand nonconforming structures that do not satisfy the shoreland setback requirements provided the expansion does not exceed thirty percent of the structure's volume or area. *See* Boothbay Harbor Code art. XII, 170–98(B). In the present case, the Planning Board properly applied section 170–98 of the Code by determining that the garage's encroachment onto the setback requirement maximized the 30% rule and that if the garage exceeded the 30% rule, the Board would allow the overage because the overage would be a *de minimis* amount. This is not error.

The entry is:

Judgment affirmed.