STATE OF MAINE                          SUPERIOR COURT
HANCOCK, ss:                            CIVIL ACTION
                                        DOCKET NO. AP-08-010


EVE D. HARRISON,

            Appellant,

            v.                          **DECISION AND ORDER**

APR 08 2009
LAW LIBRARY
DONALD L. GARBRECHT

TOWN OF CRANBERRY ISLES,

            Appellee.



        This matter is before the Court on an appeal filed by
Appellant, Eve D. Harrison, pursuant to M.R. Civ. P. 80B.

                          **BACKGROUND**

        On July 2, 2008, the Town of Cranberry Isles Planning
Board denied Appellant's application for a permit to build
a residence upon a certain parcel of land on Great
Cranberry Island.  The Planning Board denied the
application because Appellant's application failed to
comply with the following sections of the Town's Land Use
Ordinance for Shorelands ("Ordinance"): [1] Section
IX(E)(2), dealing with maximum lot coverage; [2] Section
XI(J), dealing with storm water runoff; and [3] Section
XI(N), dealing with soils.

        The Town Board of Appeals ("BOA") conducted a *de novo*
hearing and affirmed the decision of the Planning Board on
August 26, 2008.[1]  It agreed with the Planning Board that
[1] the proposed use was residential and did not comply
with the 20% maximum lot coverage requirement under Section
IX(E)(2).  The BOA also agreed that [2] the application
should fail because no storm water runoff plan was
submitted.  Cranberry Isles, Me. Land Use Ordinance for
Shorelands § XI(J) (Mar. 9, 1992).  However, it did not
agree with the Planning Board that [3] the soils were
inadequate.  Cranberry Isles, Me. Land Use Ordinance for
Shorelands § XI(N) (Mar. 9, 1992).  Agreeing with two of

---

[1] Appellant served as Chair of that Board but recused
herself for this hearing.

1

the three reasons for denial relied on by the Planning Board, the BOA affirmed the Planning Board's decision following its *de novo* hearing.

Judging from the BOA's minutes, it clearly focused on the interpretation of "mixed use" in Section IX(E)(2) of the Ordinance and Appellant has made that the thrust of her appeal as well. Appellant interprets the term "mixed use" as referring to a lot having a mixture of functionally water-dependent uses and residential uses. The BOA interpreted the term "mixed use" as referring to commercial and residential uses. The question Appellant and the Town wish this Court to answer is what is the proper interpretation of "mixed use" as it appears in the Ordinance.

## DISCUSSION

When reviewing governmental action under M.R. Civ. P. 80B, the Superior Court reviews the operative decision of the municipality for "abuse of discretion, errors of law, or findings not supported by substantial evidence in the record." *Camp v. Town of Shapleigh*, 2008 ME 53, ¶ 9, 943 A.2d 595, 598 (quoting *McGhie v. Town of Cutler*, 2002 ME 62, ¶ 5, 793 A.2d 504, 505). "Substantial evidence is evidence that a reasonable mind would accept as sufficient to support a conclusion." *Toomey v. Town of Frye Island*, 2008 ME 44, ¶ 12, 943 A.2d 563, 566 (quoting *Sproul v. Town of Boothbay Harbor*, 2000 ME 30, ¶ 8, 746 A.2d 368, 372). "That inconsistent conclusions can be drawn from evidence does not mean that a finding is not supported by substantial evidence." *Id*. The court does "not make any findings other than those found explicitly or implicitly by the Board" and does "not substitute [its] judgment for that of the Board." *Camp*, 2008 ME 53, ¶ 9, 943 A.2d at 598.

Notwithstanding the interest of the parties in exploring the interpretation of "mixed use" in the Ordinance, the reality is that if the denial of Appellant's application is sustainable on any one ground, discussion of the alternative grounds becomes an academic exercise. In this instance, the Planning Board and the BOA in its *de novo* hearing, found that the there was no storm water runoff plan submitted showing compliance with Section XI(J)(1). Nothing submitted in support of this appeal indicates that there was a storm water runoff plan submitted to the BOA and, therefore, the finding that the application failed under Section XI(J) was supported by

2

substantial evidence. Likewise, the submissions on appeal do not indicate that the BOA's findings reflected an error of law or an abuse of discretion. For that reason, the decision of the BOA is **AFFIRMED** and Appellant's appeal is **DENIED**.

This order is incorporated into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: March 10, 2009

Kevin M. Cuddy
Justice, Superior Court

RECEIVED & FILED

MAR 10 2009

HANCOCK COUNTY
COURTS

3