STATE OF MAINE                                          SUPERIOR COURT
CUMBERLAND, ss.                                         CIVIL ACTION
                                                        Docket No. AP-10-38
                                                        TDW


BRENDA WEED,

            Petitioner

v.                                                      ORDER


BRUNSWICK HOUSING AUTHORITY

            Respondent.


Before the court is an appeal brought by Brenda Weed pursuant to M.R.Civ.P.

80B, contesting a decision of the Brunswick Housing Authority to terminate her Section

8 housing benefits.[1]


1. Standard of Review

Review of a municipal decision under Rule 80B is for the purpose of determining

whether there was an abuse of discretion, an error of law, or findings not supported by

substantial evidence. E.g., Camp v. Town of Shapleigh, 2008 ME 53 ¶ 9, 943 A.2d 595,

598.[2] Substantial evidence is evidence that a reasonable mind would accept as sufficient

to form a conclusion even if the evidence would also support a contrary conclusion.

Sproul v. Town of Boothbay Harbor, 2000 ME 30 ¶ 8, 746 A.2d 368, 372.

---

[1] The appeal was fully briefed on January 7, 2011, but the court did not receive the file from the clerk's office until May 20, 2011. This delay is extremely unfortunate, and the court understands that the clerk's office is currently implementing measures designed to ensure that such delays do not happen in the future.

[2] In contrast, where an appeal from a municipal decision turns on the meaning of statutes, regulations, or municipal ordinances, the interpretation by municipal officials is subject to *de novo* judicial review. Coker v. City of Lewiston, 1998 ME 93 ¶ 6, 710 A.2d 909, 910; Isis Development LLC v. Town of Wells, 2003 ME 149 ¶ 3, 836 A.2d 1285, 1287 n.4.

On factual issues the court may not substitute its judgment for that of the municipal authority. Just because a different conclusion could be drawn from the record does not justify overturning the decision if there is evidence in the record that could support the authority's determination. Twigg v. Town of Kennebunk, 662 A.2d 914, 916 (Me. 1995). To prevail on factual issues, the party challenging the decision must show that the evidence compels a different result. Id.

2. The Record Below

Ms. Weed began participating in the Section 8 voucher program through the Brunswick Housing Authority (BHA) in February 2009. (R. 98). She rented premises at 439A Lewiston Road in Topsham from a private landlord while receiving a subsidized rent from the BHA. (R. 21, 43-44). Ms. Weed has been found to be disabled and receives Supplemental Security Income from the Social Security Administration as her only income. (R. 43).

In October of 2009, Ms. Weed added her husband, Donald Weed, to the Section 8 voucher. (R. 98). At that time, Donald did not receive any income, and the amount of Ms. Weed's Section 8 subsidy remained unaffected. (Id.) At that time, the Housing Authority paid 100% of Ms. Weed's $500 rent, and Ms. Weed did not have to contribute any amount. (R. 45).

In January 2010, the BHA received information that Donald would get disability income and sent Ms. Weed a letter informing her that her rent would be adjusted effective February 1, 2010. (R. 46, 98). The result of this adjustment was that the BHA rent subsidy dropped to $44.00, and Ms. Weed was expected to pay the remaining $446.00. ( Id.)

Ms. Weed filed for divorce on March 10, 2010. (R. 100). On April 5, 2010, Ms. Weed brought a note into the BHA office asking that Donald Weed be removed from her Section 8 voucher due to the divorce. (R. 37). The BHA representative, Susan McCusker, removed Mr. Weed from the voucher at that time. (R. 94). In addition, as set forth in a notation at the bottom of Ms. Weed's April 5 letter, Ms. McCusker called Ms. Weed and asked "where Donald was living. She stated 15 Main Street Bowdoinham." (R. 37).

However, Ms. Weed's landlord reported on April 13 that Ms. Weed's husband was still living on the premises. (R. 19). The landlord also reported an electric and cable connection was being fed from Ms. Weed's apartment to a van parked outside. (Id.) See also R. 20. That same day, the BHA notified Ms. Weed that it was terminating her participation in the Section 8 housing program because there were persons residing in her unit that had not been reported or approved for the program. (R. 32).

Ms. Weed thereafter contested the decision, and a hearing was held on May 5, 2010.

Without summarizing the evidence in great detail, the court concludes that there is substantial evidence in the record that Donald Weed was still residing with petitioner at 439A Lewiston Road in Topsham (R. 19, 40, 41, 73-78),[3] that the sole reason petitioner instituted divorce proceedings was that Donald Weed's income affected petitioner's eligibility for housing benefits and Mainecare (R. 114), that contrary to the information provided by petitioner to the BHA Donald Weed was not residing and had not resided at 15 Main Street in Bowdoinham (R. 26-30, 83-87, 137), and that on or about April 20,

---

[3] This was contrary to Ms. Weed's testimony at the hearing that Donald Weed had moved out in early March. (R. 115).

2010 Brenda and Donald Weed had applied to reside as co-occupants in a two-bedroom unit in Bath. (R. 42-44).

3. Discussion

The finding that there is substantial evidence that Donald Weed was residing in Ms. Weed's residence after he had been removed from the voucher resolves one of the major issues in the case. Counsel for petitioner, however, raises several additional issues on Ms. Weed's behalf.

First, counsel for petitioner notes that Ms. Weed was required to notify the BHA within 10 days of any change in income or family composition and points out that the BHA's notice of termination was issued only 8 days after Ms. Weed had informed the BHA that Donald had moved out. This would only be relevant if Ms. Weed were contending that Donald had moved back in sometime after April 5 and she would then have had 10 days to report that he was back in the unit. Ms. Weed offered no evidence to that effect. Moreover, this is not a case where the BHA took action because Ms. Weed had not reported a change in circumstances in timely fashion. This is a case where the BHA concluded that Ms. Weed was falsely reporting that Donald had moved out.

Second, counsel for petitioner argues that the presence of an overnight guest, defined as someone who stays overnight for no more than two weeks in a calendar year (R. 102), would not have made Ms. Weed ineligible for Section 8 benefits. Ms. Weed, however, did not offer evidence at the hearing that Donald was merely an overnight guest. Nor was the BHA obliged to find on this record that Donald had stayed overnight for no more than two weeks, either after Ms. Weed testified that he had moved out in early March or after she reported his absence on April 5. (See R. 41).

4

Third, petitioner points out that when she reported that Donald was no longer living with her and he was removed from her voucher, the April rent had already been processed and the rent adjustment raising her subsidy was therefore made effective as of May. As a result, she argues with some force that the BHA did not incur any financial detriment because its April rent subsidy assumed that Donald was still residing at 439A Lewiston Road in Topsham.

The problem with this argument is that the violation found by the BHA did not depend on whether the BHA had incurred a financial detriment. Rather, Ms. Weed was found to have been in violation of the family obligations provisions of the applicable regulations. 24 C.F.R. §982.551(h)(2); see also 24 C.F.R. § 982.552(c)(1)(i) (R. 50-51). Those provisions include a requirement that the composition of the family residing at the unit must be approved by the local housing authority, that the family must request approval to add any other family members, and that no other person may reside in the unit. 24 C.F.R. §982.551(h)(2); see also 24 C.F.R. § 982.552(c)(1)(i) (R. 50-51). Once Ms. Weed reported that her husband was no longer staying there and BHA had removed him from the voucher, he was no longer an approved resident even if that did not affect the amount of Ms. Weed's rent subsidy until the beginning of the following month.

In this connection, 24 C.F.R. § 982.551(b)(4) of the family obligation regulations also provides that "any information supplied by the family must be true and complete." (R. 50). There is substantial evidence in the record from which the BHA could have concluded that Ms. Weed violated that requirement. See R. 1 (concluding that Ms. Weed took affirmative steps to mislead or defraud the Housing Authority).

This is also an answer to petitioner's final contention – that the BHA should have exercised discretion in deciding whether or not to terminate Ms. Weed from the section 8 program. Under the regulations, BHA may but is not required to consider certain

5

factors in deciding whether to terminate assistance. 14 C.F.R. § 982.552(c)(2)(i) (R.52).

The BHA was not required to exercise discretion in deciding whether to terminate Ms. Weed, and the Authority's determination that Ms. Weed "took affirmative steps to mislead" (R. 1) constitutes more than sufficient grounds not to exercise discretion in her favor.

The entry shall be:

The decision of the Brunswick Housing Authority is affirmed. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: May _31_, 2011

_____
Thomas D. Warren
Justice, Superior Court

Date Filed  10-14-10          Cumberland          Docket No.  AP-10-38
                              County

Action  80B Appeal

Brenda Weed aka Groves                    Brunswick Housing Authority

                                    vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Frank D'Alessandro, Esq.<br>PINE TREE LEGAL ASSISTANCE<br>P.O. Box 547<br>Portland, ME 04112 | Richard L. Hornbeck Esq<br>MONCURE & BARNICLE<br>PO Box 636<br>Brunswick, ME 04011-0636 |

Date of
Entry