STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-12-42
TDW – CuM- 3/14/2013

10 EXCHANGE STREET LLC,

    Plaintiff

v.                                                          ORDER

CITY OF PORTLAND,

    Defendant

Before the court is an appeal by 10 Exchange Street LLC from a November 17, 2011 decision of the City of Portland's Historic Preservation Board denying 10 Exchange Street's application to remove a storefront bay window at 10 Exchange Street and replace it with an entrance door.

The context for this appeal is that a party seeking to make an exterior alteration to a structure in a historic district must obtain a certificate of appropriateness from the Historic Preservation Board (HPB). City of Portland Code of Ordinances (hereinafter "Portland Code") § 14-634 (R. 94-96). The standards to be applied by the HPB in considering applications for a certificate of appropriateness are set forth in Portland Code § 14-650 (R. 106-07).

In this case Joseph Soley, on behalf of 10 Exchange Street LLC, sought a certificate of appropriateness for the proposed alteration in January 2011. After various proceedings the HPB concluded in November 2011 that 10 Exchange Street's application failed to meet three of the standards for review of alterations within the

historic district. (R. 56-58). The specific standards cited by the HPB were standards 2, 3, and 5. (R. 56-58).[1]

After the HPB issued its decision, 10 Exchange Street appealed that decision to the Planning Board, which denied 10 Exchange Street's appeal on July 16, 2012. (R. 69-70). Because the Planning Board's role was appellate in nature, the parties do not dispute that the operative decision to be reviewed by this court is the determination of the HPB. See Stewart v. Town of Sedgwick, 2000 ME 157 ¶ 4, 757 A.2d 773; Portland Code § 14-638(a)(7) (R. 100-01).

At the outset, 10 Exchange Street argues that the HPB's decision was not timely issued. The record reflects that the HPB voted to deny 10 Exchange Street's application at a public hearing on November 2, 2011. (R. 56). Under the applicable City ordinance, written notice of an HPB determination is to be sent within "ten business days" following the Board's determination. Portland Code § 14-638(a)(6) (R. 100). There is no dispute that the written decision in this case was issued on November 17, 2011. (R. 59). After subtracting two Saturdays, two Sundays, and Veteran's Day, this was 10 business days after the Board vote.[2]

10 Exchange Street also argues that the Board's determination was arbitrary, capricious, and not supported by substantial evidence in the record. As to these issues, the court must accord substantial deference to a municipal board's findings as to whether the standards of an ordinance have been met. Town of Vassalboro v. Barnett, 2011 ME 21 ¶ 6, 13 A.3d 784. Substantial evidence is evidence that a reasonable mind

[1] Standard # 2 corresponds with Portland Code § 14-650(b). Standard # 3 corresponds with Portland Code § 14-650(c). Standard # 5 corresponds with Portland Code § 14-650(d).

[2] As a result, the court does not have to decide whether a delay in issuing written notice of the Board's determination would invalidate the Board's decision under the circumstances of this case. In this connection, the City argues that a representative of 10 Exchange Street was present

2

would accept as sufficient to form a conclusion even if the evidence would also support a contrary conclusion. Sproul v. Town of Boothbay Harbor, 2000 ME 30 ¶ 8, 746 A.2d 368, 372. Thus even if the court might reach a different result if it were considering the issue independently, it may not substitute its judgment for that of the municipal board. Camp v. Town of Shapleigh, 2008 ME 53 ¶ 9, 943 A.2d 595.

Under this standard the court concludes that the HPB's determination that 10 Exchange Street's application failed to meet two of the applicable standards for a certificate of appropriateness should be affirmed.[3]

The second standard for review of alterations, derived from Code § 14-650(b), provides:

> The distinguishing original qualities or character of a structure, object or site and its environment shall not be destroyed. The removal or alteration of any historical material or distinctive architectural features should be avoided when possible.

(R. 57, 106).

The third standard for review of alterations, derived from Code § 14-650(c), provides:

> All sites, structures and objects shall be recognized as products of their own time, place and use. Alterations that have no historical basis or create a false sense of historical development, such as adding conjectural features or elements from other properties, shall be discouraged.

---

at the time of the Board's vote and that 10 Exchange Street therefore had actual notice of the Board's determination at the time it was made.

[3] The HPB also found that 10 Exchange Street's application failed to meet a third standard review of alterations, which is derived from Code §14-650(e). (R. 57). That standard requires that distinctive features or examples of skilled craftsmanship "shall be treated with sensitivity." 10 Exchange Street's brief offers no argument as to that standard, and the court assumes that 10 Exchange Street's objection to the Board's finding on that issue is subsumed within its arguments with respect to the two other standards cited by the HPB in turning down 10 Exchange Street's application.

Id.

In this case, in addition to the public hearing on November 2, 2011, members of the HPB held two workshops on 10 Exchange Street's application, undertook a physical inspection of the property, and reviewed at least one old photograph. They concluded that the storefront bay window that 10 Exchange Street seeks to remove was historic and likely original to the property. (R. 57; see R. 7). They further concluded that the storefront was important to the building's historic character and that of lower Exchange Street. (Id.)

10 Exchange Street argues that the removal of the storefront constitutes a relatively minor alteration to the building as a whole, but the court cannot fault the HPB for determining that a feature like a storefront window at street level – the vantage point most apparent in a historic district – represents a sufficiently significant aspect of the structure to be entitled to protection. Nor can the court fault the HPB for determining that, because the storefront at 10 Exchange Street is "one of the last remaining unaltered storefronts" along that section of Exchange Street (R. 57), it should be preserved.

This is particularly true because there is also evidence in the record that the door which 10 Exchange Street proposed to insert in place of the historic storefront window came from a different architectural and historical era (R. 57; see R. 7), and therefore would constitute a historically inappropriate alteration in violation of Code § 14-650(c). The HPB record also reflects that at each of the workshops Board members had urged 10 Exchange Street to explore alternative solutions in keeping with Code § 14-650(b) (alteration of historical features should be avoided "when possible") but that 10 Exchange Street had never responded. (R.57).

4

Date Filed __8-10-12__ __CUMBERLAND__ Docket No. __AP-12-42__
County

Action __80B APPEAL__

10 EXCHANGE STREET LLC                    CITY OF PORTLAND

                                        vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| ROBERT STEVENS ESQ<br>SIDNEY ST F THAXTER ESQ<br>BENJAMIN LEONI ESQ<br>CURTIS THAXTER STEVENS BRODER & MICOLEAU<br>PO BOX 7320<br>PORTLAND ME 04112 | GARY WOOD, ESQ.<br>CITY OF PORTLAND<br>389 CONGRESS STREET<br>PORTLAND, ME 04101<br><br>DANIELLE WEST-CHUTA ESQ<br>389 CONGRESS ST<br>PORTLAND ME 04101 |

Date of
Entry