STATE OF MAINE                          SUPERIOR COURT
SAGADAHOC, SS.                          Civil Action
                                        Docket No. AP-2015-04


JONATHAN R. DAY,              )
              Plaintiff,      )
                             )
                             )
                             )
        v.                   )              **ORDER ON 80B APPEAL**
                             )
                             )
TOWN OF PHIPPSBURG et al,    )
              Defendants.    )


        Pending before the court is the Plaintiff's 80B appeal of the Phippsburg Board of Appeals' ("BOA") October 7, 2015 decision denying his appeals of permits issued to Defendant Carol Reece in 2014 and of the decision of the Phippsburg Code Enforcement Officer ("CEO") to allow Defendant Reece to maintain a portable toilet on her property. For the reasons stated below, the BOA's October 7, 2015 decision is VACATED and this matter is REMANDED to the Phippsburg Board of Appeals. The Phippsburg Board of Appeals is ORDERED to hold a hearing on the Plaintiff's appeals in a manner not inconsistent with this order.

## STANDARD OF REVIEW

        When the Superior Court acts as an appellate court under M.R.Civ.P. 80B, it must review directly the operative decision of the municipality, Stewart v. Town of Sedgwick, 2000 ME 157, ¶ 4, 757 A.2d 773, 775, for "error of law, abuse of discretion or findings not supported by substantial evidence in the record," Sproul v. Town of Boothbay Harbor, 2000 ME 30, ¶ 8, 746 A.2d 368, 372 (internal quotations omitted). One seeking to overturn a decision such as the one at issue here has the burden of establishing that the evidence compels a contrary conclusion. Id. The court "may not ... substitute [its own] judgment for that of the Board." Tompkins v. City of Presque Isle, 571 A.2d 235, 236 (Me.1990). "If there is relevant evidence in the record to reasonably support the Board's conclusion, the fact that the record contains inconsistent evidence or inconsistent conclusions could be drawn from the evidence does not invalidate the Board's holding." Boivin, 588 A.2d at 1199. "Substantial evidence exists when a reasonable mind would rely on that evidence as sufficient support for a conclusion." Camp vs. Town of Shapleigh, 2008 ME 53, ¶ 9, 943 A.2d 595, 598.

## DISCUSSION

        The first issue raised in this appeal is whether the BOA was correct in finding "that the time had expired for an appeal." Record of Appeal ("ROA") – Volume I, R203. This decision was based on the conclusion that the BOA had stayed the Plaintiff's appeal of the 2014 permits at his request and the BOA's vote that "the stay is legal."

1

ROA – Volume I, R 201. The discussion leading to the two votes of the BOA suggests that a majority of the BOA believed that the alleged stay was to end 60 days after the Law Court's final decision in a related appeal involving the same parties and that a hearing had to be requested during the 60 days following the Law Court's decision. ROA – Volume I, R 203.

The evidence in the record compels a conclusion that the BOA never issued a stay of the Plaintiff's appeal. Any action of the BOA is a public proceeding. 1 M.R.S. §402(2)(C). All public proceedings must be open to the public, 1 M.R.S. §402(2)(C), and public notice must be given for all public proceedings, 1 M.R.S. §406. Any actions of the BOA must be taken openly and deliberations conducted openly. 1 M.R.S. §401. Clandestine meetings, conferences or meetings held on private property without proper notice and ample opportunity for attendance by the public are not allowed by Maine law. 1 M.R.S. §401. The Board of Appeals Ordinance, which creates the Phippsburg BOA and governs its proceedings, requires that all matters be decided by a roll call vote. Town of Phippsburg Board of Appeals Ordinance V(C), ROA – Volume II at 18.

The record establishes that the Chairman of the BOA acted unilaterally in postponing the scheduled hearing on the Plaintiff's appeal of the 2014 permits because he believed all parties were in agreement with a stay. ROA – Volume I, R 201. Nothing in the Board of Appeals Ordinance grants such authority to the Chairman. See Town of Phippsburg Board of Appeals Ordinance, ROA – Volume II at 18. In addition, nothing in the ordinance allows the BOA to grant a stay of proceedings, even if a roll call vote of the BOA is held as part of a public proceeding conducted in accordance with the requirements of the Ordinance and Maine law. Id.

All of the requirements imposed on a person filing an appeal to the BOA are described in Section VI of the Ordinance entitled "Appeal Procedure." Town of Phippsburg Board of Appeals Ordinance VI, ROA – Volume II at 18. The record establishes that the Plaintiff met the 30-day deadline to file an appeal and complied with the other requirements of Section VI of the Ordinance. No party argues otherwise.

Section VII(A) of the Ordinance requires the BOA to "schedule a public hearing on all appeal applications within sixty (60) days of the filing of a completed appeal application." Town of Phippsburg Board of Appeals Ordinance VI, ROA – Volume II at 18. The record reflects that a public hearing was scheduled and then postponed by the BOA Chairman, as discussed above. ROA – Volume I, R 201.

The Plaintiff argues that the 60-day hearing requirement contained in Section VII(A) of the Ordinance unambiguously imposes a requirement solely on the BOA and failure to meet that requirement is directory, and not jurisdictional, because the ordinance does not manifest a clear intent to the contrary. In support of this conclusion the Plaintiff cites four Law Court cases involving appeals of state agency decisions.

The Defendants argue that the 60-day hearing requirement is jurisdictional and go to great length to try to distinguish the cases cited by the Plaintiff. The only cases cited by a defendant in support of their position are cases where an appeal of a municipal decision was filed late, which did not occur here.

2

This court finds that, as a matter of law, Section VII(A) of the Ordinance is not jurisdictional and nothing in the ordinance prevents the BOA from conducting a hearing on the Plaintiff's appeal. In addition, as a matter of law, Section VII(A) of the Ordinance requires the BOA to conduct such a hearing, despite the BOA's failure to meet the 60-day deadline for scheduling a public hearing. The BOA abused its discretion by refusing to consider the merits of the Plaintiff's appeal of the 2014 permits.

Though the BOA acted in good faith in attempting to comply with the parties' wishes in delaying consideration of the Plaintiff's appeal, the manner in which it did so was not compliance with the Ordinance or Maine law. Though the BOA was acting in good faith, it is ultimately the responsibility of the BOA to ensure that proper procedures are followed and the Plaintiff should not lose his opportunity for full consideration of the merits of his appeal as a result of the flawed procedures of the BOA.[1]

The Plaintiff asks this court to make certain rulings he describes as questions of law before remanding his appeal of the 2014 permits. The court declines to do so. The court is agreement with the Defendants that the doctrines of primary jurisdiction, exhaustion of administrative remedies, and ripeness require that the BOA consider the merits of the Plaintiff's appeal before this court consider any of the additional issues raised in the Plaintiff's brief.

The BOA's decision on the Plaintiff's appeal of the CEO's decision to allow Defendant Reece to maintain a portable toilet on her property is also VACATED and REMANDED because the BOA's decision was premised on the Planning Board's earlier decision that only a portion of Defendant Reece's lot is located in the Resource Protection District. Because the Planning Board's decision about the application of the Resource Protection District to Defendant Reece's property is one of the issues raised by the appeal of the 2014 permits, the BOA must first decide the merits of the Plaintiff's appeal of the 2014 permits and then reconsider the portable toilet issue in light of whatever decision is made regarding the Planning Board's earlier decision that only a portion of Defendant Reece's lot is located in the Resource Protection District.

The Clerk is directed to incorporate this Order by reference into the docket for this case, pursuant to Rule 79(a), Maine Rules of Civil Procedure.

---

[1] Though it is not necessary for the court to consider the equities of the situation in deciding this matter, the court believes that all parties share in responsibility for creating the confusion involving the alleged stay and its terms. Though the Plaintiff shares in the responsibility for the lack of clarity regarding the parties' agreement and the terms of the alleged stay, he is not solely or primarily responsible for the lack of clarity. Ultimately, when a stay is issued, the body issuing the stay is responsible for the clarity of the terms of the stay. Here the only terms of the stay were that the Plaintiff inform the BOA when he was "ready to schedule the hearing." ROA – Volume I, R 165. The record establishes that the purported stay, as communicated to the parties, did not include any deadline for requesting a rescheduled hearing and the BOA's finding to the contrary is not supported by substantial evidence in the record.

Dated: February 16, 2017

_____
JUSTICE, MAINE SUPERIOR COURT

4